IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 4:23-CV-00440 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA PAROLE BOARD, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 6, 2023

Plaintiff Aaron J. Bressi is a serial *pro se* litigator who is well known to this Court. He is currently incarcerated at the State Correctional Institution, Rockview (SCI Rockview), in Bellefonte, Pennsylvania. Bressi filed the instant *pro se* Section 1983[1] action concerning an alleged Fourteenth Amendment violation by the Pennsylvania Parole Board (Parole Board) and other state officials. Because Bressi fails to state a claim upon which relief may be granted, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.  **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]  *See* 28 U.S.C. § 1915A(a).
[3]  *Id.* § 1915A(b)(1).
[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Bressi proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Bressi, is incarcerated.[14]

---

[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.  DISCUSSION

Bressi is currently serving a four- to eight-year sentence for state crimes including terroristic threats, aggravated assault, simple assault, and driving infractions.[15]  His current complaint is devoid of factual allegations.  The entirety of his pleading states that Defendants "caused [him] major intentional infliction of emotional distress,"[16] apparently by violating his "Substantive Due Process" rights.[17]  No further detail is provided.

Bressi, however, did attach a notice of parole denial issued by the Parole Board on November 22, 2022.[18]  The Court presumes, therefore, that Bressi is attempting to assert that his November 22 denial of parole violated his Fourteenth Amendment substantive due process rights.[19]  Bressi's complaint is woefully deficient and does not plausibly state a claim for relief.

### A.  Substantive Due Process and Parole Determinations

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of

---

[15]  *See Commonwealth v. Bressi*, No. 1887 MDA 2017, 2019 WL 1125670, at *1 (Pa. Super. Ct. Mar. 12, 2019) (nonprecedential).
[16]  Doc. 1 at 4, 5.
[17]  *Id.* at 5.
[18]  *See* Doc. 1-1.
[19]  *See* Doc. 5 (seeking to clarify that Bressi is claiming that his Fourteenth Amendment rights were violated because "a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights").

the fairness of the procedures used to implement them."[20]  With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[21]  Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[22]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience shocking, a substantive due process challenge will fail.[23]

Bressi's Section 1983 complaint suffers from multiple deficiencies, not the least of which is that he has not pled *any* factual allegations regarding how his Fourteenth Amendment substantive due process rights were purportedly violated by the November 22, 2022 parole denial.  His two-sentence complaint is entirely conclusory, and such legal conclusions must be disregarded.[24]

---

[20]  *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

[21]  *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).

[22]  *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).

[23]  *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

[24]  *See Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

There are other noticeable pleading deficiencies, like lack of personal involvement for the named individual defendants (Ms. Leigey, Ms. Linda Rosenberg, and Mr. Gabrnay).[25] But discussion of those deficiencies is unnecessary because Bressi has simply failed to set out a constitutional violation in the first instance. His complaint, therefore, must be dismissed.

### B. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[26] Leave to amend will be granted in the event that Bressi can plead facts that would plausibly state a Fourteenth Amendment substantive due process claim.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss Bressi's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. Bressi, if he is able, may file an amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).
[26] *Grayson*, 293 F.3d at 114.