IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 4:23-CV-00440 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA PAROLE BOARD, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

AUGUST 11, 2023

Plaintiff Aaron J. Bressi is a serial *pro se* litigator who is well known to this Court. He is currently incarcerated at the State Correctional Institution, Rockview (SCI Rockview), in Bellefonte, Pennsylvania. Bressi filed the instant *pro se* Section 1983[1] action alleging a Fourteenth Amendment violation by the Commonwealth of Pennsylvania Parole Board (Parole Board) and other state officials. Currently pending is Bressi's amended complaint. Because Bressi once again fails to state a claim for relief, and because this action is legally frivolous, the Court will dismiss his amended complaint pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I. **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2] *See* 28 U.S.C. § 1915A(a).
[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Bressi proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Bressi, is incarcerated.[14]

---

[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II. DISCUSSION

Bressi is currently serving a four- to eight-year sentence for state crimes including terroristic threats, aggravated assault, simple assault, and driving infractions.[15] This is his second Section 1983 lawsuit in this Court raising a Fourteenth Amendment challenge after being denied parole.[16] In the instant lawsuit, Bressi asserts that the Parole Board's denials on May 11 and November 22, 2022, violated his Fourteenth Amendment substantive due process rights.[17]

Bressi's amended complaint, like his initial complaint, is largely devoid of factual allegations. He contends that "[a]ll Defendants violated [his] Fourteenth Amendment rights[] due to [sic] a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights."[18] He additionally claims that he is "way past [his] max sentence date[] due to multiple legal documents tampered with by the state."[19]

Bressi names as Defendants the Parole Board, SCI Rockview employee Ms. Leigey, Parole Board member Linda Rosenberg, and "hearing examiner" Mr. Gabrnay.[20] He seeks compensatory damages and injunctive relief in the form of

---

[15] *See Commonwealth v. Bressi*, No. 1887 MDA 2017, 2019 WL 1125670, at *1 (Pa. Super. Ct. Mar. 12, 2019) (nonprecedential).
[16] *See generally Bressi v. Commonwealth of Pa. Parole Bd.*, No. 1:21-cv-01265 (M.D. Pa.).
[17] *See* Doc. 26 at 4.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 2-3.

"All Defendants [being] removed from their Government Job titles for life."[21] Bressi's amended complaint, however, fails to state a claim for relief and therefore must be dismissed.

### A.     Substantive Due Process and Parole Determinations

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."[22] With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[23] Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[24] If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience-shocking, a substantive due process challenge will fail.[25]

---

[21] *Id.* at 5.
[22] *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).
[23] *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).
[24] *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).
[25] *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

Bressi's amended complaint does not plausibly state a substantive due process claim against any Defendant. First, Bressi posits that parole may not be denied for a constitutionally impermissible reason, "such as race or in retaliation for exercising constitutional rights."[26] This is an accurate statement of the law as far as it goes. But Bressi does not actually allege that he was denied parole because of his race or because he exercised his constitutional rights. Moreover, even if Bressi intended to make such a claim in his amended complaint, it would be a mere legal conclusion without any supporting facts and would have to be disregarded.[27]

Furthermore, Bressi attached the Parole Board's May 11 and November 22 decisions to his amended complaint.[28] The reasons given for denial of parole include Bressi's "risk and needs assessment indicating [his] level of risk to the community"; his "prior unsatisfactory probation supervision history"; "[r]eports, evaluations and assessments/level of risk indicat[ing] [his] risk to the community"; his "minimization/denial of the nature and circumstances of the offense(s) committed"; his "refusal to accept responsibility for the offense(s) committed"; and his "lack of remorse for the offense(s) committed."[29] Neither decision by the

---

[26] Doc. 26 at 4.
[27] *See Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).
[28] Docs. 26-4, 26-7.
[29] *See id.*

Parole Board was arbitrary or conscience-shocking,[30] so there was no substantive due process violation.

Finally, to the extent that Bressi is attempting to bring some type of claim concerning being confined past his "max sentence date," that claim is both factually undeveloped (*i.e.*, not plausibly alleged) and likely frivolous. Bressi's maximum date is September 29, 2024, as noted on both parole denials, which the Court may consider because they were attached to Bressi's pleading.[31]

### B.   Other Deficiencies

Bressi's amended complaint contains numerous additional pleading deficiencies. For example, there is an absence of alleged personal involvement by the named individual defendants, Leigey, Rosenberg, and Gabrnay.[32] Any individual capacity claims against these defendants must be dismissed because Bressi has failed to allege how they were involved in the purported Fourteenth Amendment violation.[33]

Next, Bressi's attempt to sue the Parole Board—"an arm of the State"— under Section 1983 is barred by Eleventh Amendment sovereign immunity,

---

[30] *See Holmes*, 14 F.4th at 267; *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (holding that denial of parole based on an inmate's refusal to admit guilt did not violate his substantive due-process rights).
[31] *See Mayer*, 605 F.3d at 230.
[32] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).
[33] *See id.*; *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207). This deficiency was explicitly noted in this Court's dismissal of Bressi's original complaint. *See* Doc. 20 at 6.

regardless of the nature of the relief sought.[34] And any official capacity claim seeking monetary damages against Leigey, Rosenberg, or Gabrnay is barred for the same reason.[35]

Moreover, while an official capacity claim seeking prospective injunctive relief against a state official is not considered to be a claim against the State and thus not barred by Eleventh Amendment immunity,[36] none of Bressi's allegations come close to identifying unconstitutional conduct by Leigey, Rosenberg, or Gabrnay that would pose an immediate danger to Bressi's constitutional rights.[37] Furthermore, the injunctive relief sought by Bressi—to have the three named Defendants fired—is punitive in nature and does not implicate the type of prospective injunctive Section 1983 relief meant "to remedy an ongoing violation of federal law."[38]

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[39] Further leave to amend will be

---

[34] *See Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008); *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (*en banc*); 42 PA. CONS. STAT. § 8521(b) (withholding consent to be sued).
[35] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *J.C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016) (nonprecedential).
[36] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984).
[37] *See Ford*, 674 F. App'x at 232 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).
[38] *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of Newark*, 344 F.3d 335, 345 (3d Cir. 2003).
[39] *Grayson*, 293 F.3d at 114.

denied because Bressi has failed to cure the numerous deficiencies with his complaint even after "amendments previously allowed."[40] Moreover, many of Bressi's claims are barred by Eleventh Amendment immunity and cannot be remedied by amendment, so granting leave to amend would be futile.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Bressi's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted and because it is legally frivolous. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[40] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").